IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM H. DEVARY, JR., on behalf of B.D., a minor child, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 17-1780-GMS |
| DELAWARE DEPARMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff, William H. DeVary, Jr. ("DeVary"), on behalf of B.D., a minor child, appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) DeVary filed this lawsuit on December 11, 2017. (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. BACKGROUND

DeVary is the father of B.D., who lives in either Pennsylvania or Maryland (it is not clear from the allegations), and who attended Gateway.[1] B.D. was transferring schools with a protection from abuse order against Jessica Gregg ("Gregg"). DeVary alleges that the executive director of Gateway refused his request to have B.D. interviewed by a school counselor. DeVary alleges that he was denied the legal right to remove his son from the emotionally abusive

---

[1] While not clear, the court assumes this refers to Gateway Lab School, a Delaware public charter school. *See* http://www.gatewaylabschool.org/ (last visited Mar. 23, 2018).

1

situation caused by Gregg.[2] He alleges gross negligence and emotional abuse and seeks $500 million in compensatory damages.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because DeVary proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

---

[2] DeVary has filed a separate lawsuit against Gregg, Civ. No. 17-1781-GMS (D. Del.).

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant DeVary leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Initially, the court notes that in the federal courts of the Third Circuit, parents cannot represent their children *pro se*. Indeed, it is well-established that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court. *See J.R. v. Lehigh Cnty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (unpublished); *but see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (because parents enjoy rights under the IDEA, they are entitled to prosecute IDEA claims on their own behalf). It appears that DeVary intends to assert claims on behalf of his son. Although litigants can act as their own counsel under 28 U.S.C. § 1654, the statute does not authorize non-attorneys to represent the interests of others in litigation such as a non-attorney parent representing a child. *See Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See, e.g., U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002). DeVary's civil cover sheet rests jurisdiction on the basis of a federal question and a United States government defendant. (D.I. 2-1.) However, the only defendant is the Delaware Department of Education which is not a United States government defendant and, therefore, the United States government as a defendant does not provide a basis for jurisdiction.

Turning to the issue of a federal question, even when liberally construing the complaint as the court must, it is unclear under what theory DeVary proceeds. The civil cover sheet describes the case as "emotional abuse; child neglect." (D.I. 2-1.) Notably, the allegations do not remotely suggest a claim arising under federal law. To the extent DeVary alleges negligence

4

and emotional abuse, neither theory provides a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Both are tort claims which suggests DeVary may have claims under state law.

Nor does jurisdiction vest by reason of diversity of citizenship. Under § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). To the extent DeVary attempts to raise state law claims, the court lacks jurisdiction given that complete diversity of citizenship is not apparent from the pleadings. *See Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x. 273, 276 (3d Cir. 2012) (unpublished). As alleged, there is no diversity of citizenship because DeVary, a resident of the State of Delaware, has named the Delaware Department of Education as a defendant, and it, too, is located in Delaware.

The court is mindful that DeVary appears *pro se* and, therefore, his complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). Regardless, the court discerns no basis for asserting jurisdiction over this action. The complaint contains no federal question and there are no allegations of diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332.

## V.  CONCLUSION

The court will dismiss the complaint for want of jurisdiction. The court finds amendment futile.

An appropriate order will be entered.

_March 26_, 2018
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE